**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1053
_____

TIMOTHY S. CHALFANT,
                                             Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01555)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 19, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Timothy A. Chalfant appeals from the District Court's order affirming the Commissioner of Social Security's denial of his application for disability benefits. We will affirm.

I.

Chalfant applied for disability benefits in 2012 alleging that a number of conditions rendered him disabled between October 2004 and March 2010. Those conditions were of two kinds. First, Chalfant claimed to suffer disabling knee and back pain resulting from injuries. Second, Chalfant claimed to suffer disabling depression, headaches and memory loss, the last two of which he attributed to surgery that he had to remove a brain tumor. The Social Security Administration denied his application.

Chalfant then obtained counsel and appealed to an Administrative Law Judge ("ALJ"). The ALJ received evidence, held a hearing, and found that Chalfant was not disabled during the relevant time. In doing so, the ALJ applied the five-step, sequential evaluation process that governs disability determinations. See Zirnsak v. Colvin, 777 F.3d 607, 611-12 (3d Cir. 2014). The ALJ ultimately concluded that, although Chalfant's conditions prevented him from returning to his former employment and would have required some accommodation, Chalfant was not disabled as defined by 42 U.S.C. § 423(d) because he was capable of engaging in other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The ALJ based that conclusion primarily on Chalfant's medical records, which included the unanimous opinions of five treating and examining physicians that Chalfant was able to work during the relevant time. Among them was Dr. David Hartmann, who performed surgery on Chalfant's right knee in 2005. Dr. Hartmann opined before and for several months after the surgery that Chalfant could perform sedentary work (R. 268, 276-77, 283), and he later opined in 2006 that Chalfant "may return to a light-duty job" (R.266).[1] The other physicians opined at various times between 2006 and 2009 that Chalfant could return to either full, medium, or light-duty work. (R.176, 179, 183, 199, 201, 207-08.) These physicians' opinions on Chalfant's functional capacity were not controlling, see Brown v. Astrue, 649 F.3d 193, 196 n.2 (3d Cir. 2011), but the ALJ did not treat them as such and instead reviewed several of these physicians' diagnostic findings and techniques. The ALJ also relied on the testimony of a vocational expert who opined that Chalfant could have performed sedentary work with appropriate accommodations in occupations such as bench worker or general sorter. (R.50-51.)

Chalfant appealed to the Appeals Council and submitted a letter that Dr. Hartmann sent to his counsel in 2014 about two weeks after the ALJ's decision. Dr. Hartmann (who had since retired) stated that he had reviewed Chalfant's files again and, in contrast to the opinions noted above, expressed the opinion that "Mr. Chalfont [sic] was unable to perform any type of work prior to March 31, 2010." (R.318.) The Appeals Council

---

[1] Record citations are to the administrative record, which is available on the District Court's docket at ECF No. 5.

made the letter part of the record but determined that there was no basis to review the ALJ's ruling. With that decision, the Commissioner's denial of benefits became final.

Chalfant then obtained new counsel and filed this civil action seeking review of the Commissioner's decision. On the parties' cross-motions for summary judgment, the District Court denied Chalfant's motion, granted the Commissioner's motion, and affirmed the Commissioner's denial of benefits. In doing so, the District Court rejected the five arguments that Chalfant raised, including his argument that Dr. Hartmann's 2014 letter warranted an award of benefits or a remand. Chalfant appeals pro se.[2]

## II.

On appeal, Chalfant does not raise any of the arguments that he raised in the District Court and does not directly challenge the District Court's rulings. Instead, he raises several arguments addressed to proceedings before the ALJ. Chalfant waived those arguments by not raising them below. They also lack merit.

Chalfant's primary argument is that his previous counsel failed to submit various medical records to the ALJ. Counsel's alleged negligence, however, does not state a basis for relief in this context. See Pitts v. Shinseki, 700 F.3d 1279, 1284-86 (Fed. Cir. 2012) (collecting cases involving "claimants seeking federal benefits"); see also Skinner v. Astrue, 478 F.3d 836, 842 (7th Cir. 2007) ("[A] claimant represented by counsel is

___

[2] The District Court had jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. Like the District Court, we review the ALJ's decision under the deferential substantial evidence standard. See Zirnsak, 777 F.3d at 610-11.

4

presumed to have made his best case before the ALJ[.]"); <u>Walker v. Sun Ship Inc.</u>, 684 F.2d 266, 268-69 (3d Cir. 1982) (rejecting argument that counsel's alleged negligence should not be imputed to the client in agency proceeding).  Even if it did, Chalfant has alleged no reason to believe that any additional records might have affected the outcome of his application.  Chalfant refers generally to neurological records regarding his brain surgery, records regarding his back injury, and records from other orthopedic physicians.  With one exception, however, Chalfant has not identified any specific records and has not argued what they would have shown or how they would have supported his claim.[3]

The exception is Dr. Hartmann's 2014 letter.  As noted above, Dr. Hartmann reported in 2004 and 2005 that Chalfant could perform sedentary work and reported in 2006 that he could return to a light-duty job.  After the ALJ denied Chalfant's claim for benefits, however, Dr. Hartmann reported to Chalfant's former counsel that, on the basis of his subsequent review of the records, "it is my opinion that Mr. Chalfont [sic] was unable to perform any type of work prior to March 31, 2010."  (R.318)

Chalfant relied on this letter in the District Court.  The District Court properly concluded that it could not consider the letter for purposes of conducting substantial evidence review but that it could remand for the ALJ to consider the letter if it was new, material evidence that Chalfant had good cause for not presenting before.  <u>See</u> 42 U.S.C.

---

[3] Chalfant has attached various medical records from 2012 through 2014 to his brief.  He does not raise any argument based on those records.  They do not appear to be the allegedly omitted records, and they do not address his condition during the relevant time.

5

§ 405(g); Chandler v. Comm'r Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011); Matthews v. Apfel, 239 F.3d 589, 592-94 (3d Cir. 2001). The District Court concluded that the 2014 letter was not "new" because Dr. Hartmann based his new opinion on treatment notes that already were before the ALJ. The District Court also concluded that Chalfant did not show good cause for not presenting it to the ALJ because his former counsel merely mentioned his unsuccessful efforts to contact Dr. Hartmann and did not request a continuance or request that ALJ keep the record open. Chalfant does not directly challenge those conclusions and instead relies on the second one as support for his argument that former counsel was negligent.

Even if there were any basis to review and question those conclusions, however, we agree with the Commissioner that a remand was not warranted because Dr. Hartmann's 2014 letter was not material. New evidence is material if there is "a reasonable possibility that [it] would have changed the outcome of the [Commissioner's] determination." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); see also Matthews, 239 F.3d at 592-94 (applying Szubak in the Social Security context). Dr. Hartmann's opinion in his 2014 letter conflicts, not only with the opinion of every other treating and examining physician of record, but with his own contemporaneous opinions. Dr. Hartmann did not acknowledge or attempt to explain the conflict. Dr. Hartmann also based his new opinion on medical records that already were before the ALJ. Thus, there is no reasonable possibility that Dr. Hartmann's letter would have led the ALJ to reach a different result.

6

Chalfant raises two other arguments that (despite their waiver) we will briefly address. Both are related to his claim that he suffered a disabling mental incapacity, which his counsel did not raise before the District Court. First, Chalfant challenges the ALJ's assessment of his brain surgery. The ALJ wrote that Chalfant "reported to Dr. Hartmann that his brain surgery had gone well and the longitudinal record reflects no additional treatment during the period at issue due to this condition." (R.20.) Chalfant argues that the ALJ should not have relied on the opinion of Dr. Hartmann, an orthopedic doctor, to assess the effects of his brain surgery. But the ALJ merely noted Chalfant's own statement to Dr. Hartmann and, as the ALJ further noted, there is no other evidence regarding any brain-related condition during the relevant time. Chalfant also has provided no reason to believe that additional records would have supported his claim.

Second, Chalfant challenges the ALJ's description of his history of treatment for depression. The ALJ wrote that Chalfant sought treatment for depression only from his family doctor, Dr. Sridhar Patnam, who reported in January 2007 that it was stable. The ALJ further wrote that "[t]he medical evidence of record reflects that [Chalfant] has never sought specialized mental health treatment." (R.20.) Chalfant argues that he sought such treatment from a Dr. Mehta. Our review confirms that, in his disability

statement, Chalfant stated that Dr. Ravindra Metha (apparently a misspelling) treated him for major depression and bipolar disorder[4] from 1993 to 2000. (R.136.)

Thus, the ALJ may have misstated Chalfant's history of treatment for depression in this regard. Even if he did, however, his finding that Chalfant's depression was not disabling during the relevant time remains supported by substantial evidence. As noted above, the ALJ relied on Dr. Patnam's opinion in 2007 that Chalfant's depression was "stable." (R.212.) Three years later, and still within the relevant time period, Dr. Patnam went one step further and characterized Chalfant's depression as "resolved." (R.224.) There is no other medical evidence regarding Chalfant's depression during the relevant period, and Chalfant has provided no reason to believe that Dr. Mehta's records might have supported his claim for benefits, particularly when his treatment with Dr. Mehta ended some four years before the relevant period began. Thus, even if this issue were preserved for review, it would not provide a basis for relief.[5]

---

[4] This is the only reference in the administrative record to Chalfant having suffered from bipolar disorder. Chalfant also did not mention bipolar disorder in his counseled filings with the District Court and has not mentioned it in his pro se briefs on appeal.

[5] Chalfant did not argue below, and has not argued on appeal, that the ALJ had a duty to develop the record in this regard even though Chalfant was represented by counsel. Cf. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003) (addressing ALJs' duties to pro se litigants); Plummer v. Apfel, 186 F.3d 422, 434 (3d Cir. 1999) (addressing ALJs' duty to develop record regarding potential mental impairments in a counseled case). We thus do not decide whether the ALJ had such a duty or breached it in this case. Even if we were to reach the issue, however, neither Chalfant's two separate counsel nor Chalfant himself has provided, at any stage of this proceeding, any reason to believe that any unpresented records might have supported his claim that his depression was disabling during the relevant time. In his disability statement, Chalfant wrote that he stopped seeing Dr.

III.

For these reasons, we will affirm the judgment of the District Court.

---

Mehta in 2000 for insurance reasons but that Dr. Patnam treated him for depression "once in a while" thereafter. (R.136.) And, as explained above, Dr. Patnam's records describe Chalfant's depression during the relevant time as "stable" and ultimately "resolved." Thus, the record in this case does not contain the kinds of red flags that might have invited further inquiry. Cf. Plummer, 186 F.3d at 426, 434.