NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3938
_____

EARL STANLEY COLEMAN, JR.,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 10-CV-1842)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 13, 2012

Before: FUENTES, HARDIMAN, and ROTH Circuit Judges

(Opinion Filed: September 5, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Earl Stanley Coleman, Jr., appeals from an order of the District Court affirming

the Commissioner of Social Security's final decision that he is not entitled to

supplemental security income benefits because he is not disabled within the meaning of the Social Security Act. We will affirm.

**I**

Because we write primarily for the parties, who are well acquainted with this case, we recite only the facts essential to our disposition of this appeal. Earl Stanley Coleman, Jr., was born in 1952 and was self-employed as a painter of residential and commercial buildings for many years. In 1993, he sustained a workplace back injury when he fell from stilts, and he underwent surgery to his lumbar spine. Following his surgery, Coleman received no further medical care for his injury until he began treatment in 2007.

Coleman's treating physician, Dr. Stuart Hartman, reported that Coleman had a limp; restricted range of motion; and decreased pinprick sensation in his left leg, which was slightly smaller in circumference than his right. Dr. Hartman's examination also showed that Coleman had tender muscles with spasms in his back and hips, but that his general muscular strength was +4/5 on the left and +5/5 on the right. Dr. Hartman prescribed pain medication, a muscle relaxer, a medication for spasms, a back brace, and home exercises, and he opined that Coleman could occasionally lift twenty pounds and could carry ten pounds, sit for six hours, and stand for thirty to sixty minutes. An examining physician, Dr. Brian D'Eramo, reported that Coleman had a tight paraspinal muscle area with tenderness but normal strength in all four extremities, normal reflexes, and no ambulatory problems. Despite these minimal findings, Dr. D'Eramo opined that Coleman could lift only two or three pounds frequently and ten pounds occasionally and could stand and walk for only five hours per workday. Finally, a non-examining medical

advisor, Dr. Haddon Alexander, observed that Coleman's medical records did not establish a displaced disc or any nerve impingement. Dr. Alexander opined that the functional limitation assessments of the treating and examining physicians were too restrictive and that Coleman could lift and carry fifty pounds occasionally and twenty-five pounds frequently, could sit for six hours, and could stand and walk for six hours.

Coleman applied for supplemental security income benefits in April 2007. After an initial round of proceedings not directly relevant to this appeal, the Administrative Law Judge (the "ALJ") denied Coleman's claim on the ground that he was not disabled within the meaning of the Social Security Act. In relevant part, the ALJ based this conclusion on a finding that Coleman had the residual functional capacity to perform a limited range of medium work. In so finding, the ALJ made two determinations that are central to this appeal. First, the ALJ discounted the opinion of Coleman's treating physician. Second, the ALJ determined that Coleman's own testimony concerning his symptoms was not credible to the extent that it conflicted with the ALJ's residual functional capacity assessment. The ALJ discounted Coleman's allegations of severe pain on the basis of the objective medical evidence and Coleman's limited treatment, ability to do simple errands, and poor work history even before his injury. The Appeals Council denied Coleman's request for review of the ALJ's decision on July 26, 2010, making it the final decision of the Commissioner on that date.

Coleman sought review of the Commissioner's final decision in the District Court, pursuant to 42 U.S.C. § 1383(c)(3). By opinion and order dated September 2, 2011, the

3

District Court affirmed the decision of the Commissioner. Coleman timely appealed to this Court.[1]

## II

On appeal, Coleman argues primarily that the ALJ erred by failing to accept the medical opinions of his treating and examining physicians and by not appropriately assessing his credibility. More generally, he argues that the Commissioner's decision is not supported by substantial evidence. The District Court rejected these arguments in a thorough and well reasoned opinion. Having carefully reviewed the record and the submissions of the parties, we discern no reason to disturb the District Court's decision.

First, as the District Court determined, the ALJ appropriately considered the conflicting medical evidence in this case. "Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quotation marks omitted). Here, the ALJ determined that Dr. Hartman's opinion (like, also, Dr. D'Eramo's opinion) about the extent of Coleman's exertional limitations was not adequately supported by objective medical examination findings, and she chose instead to credit Dr. Alexander's opinion on this issue. See Brown v. Astrue, 649 F.3d 193, 196 n.2 (3d Cir. 2011) ("The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Like the District Court, we review the Commissioner's legal conclusions de novo and his factual findings for "substantial evidence." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

4

functional capacity."). We agree with the District Court that the ALJ gave an adequate explanation for her decision.

Second, similarly, the ALJ "was not required to accept Coleman's claims of completely debilitating pain." (App. 20). We "ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor." Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). We see no reason not to do so in this case.

Finally, the Commissioner's decision was supported by substantial evidence. Substantial evidence is evidence that is "less than a preponderance of the evidence but more than a mere scintilla." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir.2004) (quotation marks omitted). "In the process of reviewing the record for substantial evidence, we may not weigh evidence or substitute our own conclusions for those of the fact-finder." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (quotation marks omitted). Having reviewed the record, we are satisfied that this standard is met.

### III

Accordingly, we will affirm the order of the District Court substantially for the reasons set forth in the District Court's opinion.