PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3435
_____

JOSEPH BROWN,

Appellant

v.

MICHAEL ASTRUE,
COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION C/O GENERAL COUNSEL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-01899)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2011
_____

Before: HARDIMAN, ALDISERT, Circuit Judges,
and RESTANI,[*] Judge

_____

(Opinion filed:  July 6, 2011)

_____

Karen K. Weisbord, Esq.
Richard A. Weisbord, Esq.
Weisbord & Weisbord
128 Chestnut Street
Suite 201
Philadelphia, PA 19106-0000

Counsel for Appellant

Eda Giusti, Esq.
Sandra G. Romagnole, Esq.
Social Security Administration
SSA/OGC/Region III
P.O. Box 41777
Philadelphia, PA 19101-0000

Counsel for Appellee

_____

OPINION OF THE COURT
_____

---

* Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Plaintiff-Appellant Joseph Brown appeals the Commissioner of the Social Security Administration's ("the Commissioner") denial of his application for supplemental security income ("SSI"). For the following reasons, we will affirm.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In March 2006, Joseph Brown, a fifty-one year old man with a history of violent crime and drug abuse, applied for SSI under Title XVI of the Social Security Act, 42 U.S.C. § 1381 <u>et seq</u>. Despite alleging a disability beginning in April 2002 due to bipolar disorder and anxiety, his application was initially denied in October 2006 because his "condition [was] not severe enough to keep [him] from working." Admin. R. 109. Upon Brown's request, a hearing was held before an administrative law judge ("ALJ") in February 2008 ("the hearing"). At the conclusion of the hearing, the ALJ determined that Brown was not disabled because he "has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy." App. to Br. of Appellant A10. Brown then filed an appeal with the appeals council, but the administrative appeals judge concluded that there was "no reason . . . to review the [ALJ's] decision." Admin. R. 1.

In May 2009, Brown filed this lawsuit in the United States District Court for the Eastern District of Pennsylvania. In a report and recommendation, the Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence and recommended that Brown's request for review be denied.

The District Court reviewed the issues raised by Brown's objections, and adopted the Magistrate Judge's report and recommendation, concluding that the ALJ's decision was indeed supported by substantial evidence. Brown now appeals.

## JURISDICTION AND APPELLATE STANDARD OF REVIEW

The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. "[O]ur review of the ALJ's decision is more deferential as we determine whether there is substantial evidence to support the decision of the Commissioner." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).

## DISCUSSION

We begin by addressing in some detail the standard of review a district court should apply when reviewing a magistrate judge's findings in an SSI claim.

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court. 28 U.S.C. § 636(b)(1)(b). In such cases, "the magistrate judge shall file his proposed findings and recommendations. . . with the court and a copy shall forthwith be mailed to all parties." Id. § 636(b)(1)(c). "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Id. § 636(b)(1). If a party timely and properly files such a written objection, the

4

District Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. (emphasis added). We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is "not timely or not specific." Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) (citation omitted).

The District Court misapplied that framework to this case. Brown timely filed written objections challenging the sufficiency of the evidence upon which the Magistrate Judge's findings rested. In considering these objections, the District Court stated that "objections which merely rehash arguments presented to and considered by a magistrate judge are not entitled to de novo review." Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009). That is not correct; any appeal to a district court based on an objection to a Magistrate Judge's order will "rehash arguments presented to and considered by" the Magistrate Judge. That is—by definition—the very nature of "review." In SSI appeals, the plain language of § 636(b)(1) and our ruling in Goney, make clear that the standard district courts should apply to such objections is de novo. The District Court's articulation of the standard of review was therefore erroneous.

The error, however, was harmless. An error is "harmless" when, despite the technical correctness of an appellant's legal contention, there is also "no set of facts" upon which the appellant could recover. Renchenski v. Williams, 622 F.3d 315, 341 (3d Cir. 2010). In this case, the rulings by the Magistrate Judge to which Brown objected were based upon facts found by the ALJ. Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by

5

substantial evidence, shall be conclusive . . . ." Upon Brown's appeal from the ALJ's finding, the task of the Magistrate Judge was thus to determine whether the ALJ's ruling was "supported by substantial evidence." Id. And, upon Brown's appeal from the Magistrate Judge's rulings, the task of the District Court was to determine—de novo—whether the Magistrate Judge reached the correct conclusion. 28 U.S.C. § 636(b)(1). Upon review of the record, we conclude that although the District Court stated that Brown's objections were "not entitled to de novo review," it also did consider whether each of the rulings from which Brown appeals were supported by substantial evidence. Because, as set forth below, the District Court correctly found that substantial evidence supported the ALJ's findings, those findings were "conclusive," 28 U.S.C. § 636(b)(1), and bound the District Court, Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) ("We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently.") (citing 42 U.S.C. § 405(g), and Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190-1191 (3d. Cir.1986)). Having found "substantial evidence" for the ALJ's findings, there was "no set of facts" upon which the District Court could find in Brown's favor. Renchenski, 622 F.3d at 341.

## I.     The ALJ's Determination

### A.     The Weight Afforded to Brown's Treating Psychiatrist's Opinion

Brown claims that the ALJ's decision to not adopt the opinion of his treating psychiatrist was not supported by substantial evidence. This claim lacks merit.

The ALJ determined that Brown did not qualify for SSI after finding that he was capable of performing simple, routine work despite his disability. Dr. Richard Cohen, a medical expert who testified at the hearing, concluded that Brown retained the capacity to perform "simple repetitive tasks." App. to Br. of Appellant A19. The ALJ explained that Cohen's conclusion was supported by record evidence from Alex Siegel, Ph.D., a state agency disability consultant, who advised that Brown "is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairments." Admin. R. 272; see App. to Br. of Appellant A8. Although there was record evidence from a treating psychiatrist suggesting a contrary conclusion,[1] the ALJ is entitled to weigh all evidence in making its finding. See Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 163 (3d Cir. 1986) (providing that an "ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences"). As the ALJ clearly explained why she gave greater weight to the opinion of Dr. Cohen, her decision was supported by substantial evidence and was not contrary to law.[2]

---

[1] Dr. Jesus Herrera, the treating psychiatrist who saw Brown four times, stated that if Brown were to work, he would miss "12 days to 15 days" of work a month due to his mental impairment.

[2] Brown argues that an ALJ may not disregard the opinion of a treating physician. The law is clear, however, that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity. See Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994) (providing that "a statement by a plaintiff's treating physician supporting an assertion that [plaintiff] is disabled or unable to work is not dispositive of the issue"

See Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (providing that if "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason" (internal quotation marks omitted)); Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991) (providing that an ALJ may disregard the opinion of a treating physician if "two physicians in the state agency evaluated the medical findings . . . and concluded that those findings did not reveal any condition that would preclude gainful employment"). Accordingly, the District Court did not err when it affirmed the Commissioner's decision in this regard.

## B.    Brown's Functional Capacity

Next, Brown contends that the ALJ's finding as to the credibility of his claimed limitations is not supported by substantial evidence. This claim also lacks merit.

An ALJ must give "subjective complaints 'serious consideration,' . . . and ma[k]e specific findings of fact, including credibility, as to [a plaintiff's] residual functional capacity." Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002) (citation omitted). The ALJ ultimately determined that, contrary to Brown's claim, he was not disabled. As previously discussed, the ALJ relied on Dr. Cohen's assessment that Brown could work. In further support of this conclusion, the ALJ cited record evidence that Brown had a good relationship with his girlfriend, liked to fix things around the house, was skilled at carpentry, and had not recently been involved in physical altercations.

(internal quotation marks omitted)).

8

Medical notes on the record also indicate that Brown's "physical appearance was appropriate," his "[m]emory was good; insight and judgment were fair," his "[m]otor activity was normal and speech was articulated," his "[a]ttitude was polite and behavior was cooperative," and that his "eye contact was good." Admin. R. 238. The ALJ's finding as to Brown's functional capacity, therefore, was supported by substantial evidence. Cf. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (providing that "[s]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate" (internal quotation marks omitted)). Accordingly, the District Court did not err when it affirmed the Commissioner's determination in this regard.

## CONCLUSION

For the foregoing reasons, any error in the District Court's articulation of the standard of review was harmless, and the District Court was correct to find that the Commissioner's determination was supported by substantial evidence. Accordingly, the District Court's order granting judgment to the defendant will be affirmed.