NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3127
_____

LOUISA A. CORBETT,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,
Secretary of Department of Health and Human Services
of the United States

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-11-cv-00256)
District Judge:  Honorable Renee M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2013

Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: April 22, 2013)
_____

OPINION
_____

PER CURIAM

Louisa A. Corbett, proceeding pro se, appeals from the District Court's order affirming the final decision of the Commissioner of Social Security ("Commissioner") regarding the calculation of her benefits. For the following reasons, we will affirm.

I.

Corbett worked as a federal civil service employee from 1973 until 1982. The Social Security Act ("Act") did not cover her earnings for that period. Instead, she participated in the Civil Service Retirement System ("CSRS"). After spending a year in the private sector, Corbett again became a federal employee in 1984. The Act covered her earnings from that employment until it was terminated in 1994.

In 1999, Corbett filed an application for Social Security disability insurance benefits, which was approved. In 2000, she filed an application for Social Security widow's insurance benefits, which was also approved. The Social Security Administration ("SSA") thereafter informed her that because the Act provides that an individual who qualifies for two benefits is only eligible to receive the greater of the two, she would be awarded an amount equal to her widow's benefits. This was achieved by supplementing Corbett's disability payments with partial widow's benefits so that the total amount was equal to her full widow's benefits alone.

In September 2002, upon attaining the age of 62, Corbett applied for her CSRS pension and her application was later approved by the Office of Personnel Management. The SSA thereafter advised her that because she was receiving both a CSRS pension and Social Security benefits, the Windfall Elimination Provision ("WEP") mandated that her

Social Security benefits be recalculated and reduced, retroactive to September 2002, under the WEP formula. Corbett filed several requests for reconsideration, essentially arguing that she was entitled to the full amount of her widow's benefits, the full amount of her disability benefits, and the full amount of her retirement benefits. The SSA denied reconsideration and provided Corbett with a detailed written accounting of her benefits eligibility. Unsatisfied with the SSA's explanations, Corbett requested a conference. Following a meeting with SSA personnel and her then-attorney, Corbett was issued a final notice of reconsideration by the SSA advising that she was receiving the maximum benefits based on her earnings history as well as the earnings of her deceased husband.

Corbett thereafter requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, during which she was represented by counsel, Corbett argued (1) the WEP did not apply to her Social Security and CSRS benefits; (2) her widow's benefits were erroneously reduced; and (3) the SSA erred in calculating her benefits using improper formulas. The ALJ issued a decision finding that Corbett was receiving the correct amount of benefits. Corbett's administrative appeals of that decision were unsuccessful, rendering the ALJ's decision the final decision of the Commissioner.

Corbett then commenced an action in the District Court to review the SSA's final decision, see 42 U.S.C. § 405(g), arguing (1) the ALJ's legal findings were erroneous; (2) the SSA made multiple errors in calculating her benefits and administering her payments; and (3) her rights under the Due Process Clause were violated. Following unsuccessful attempts to encourage the parties to resolve the matter prior to briefing, the District Court

3

ultimately entered an order and opinion affirming the ALJ's decision. Corbett timely filed this appeal, substantially renewing the arguments she pressed in the District Court.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the ALJ's factual findings is limited to determining whether they were supported by substantial evidence. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Substantial evidence is "'more than a mere scintilla,'" and is defined as "'such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). We review the ALJ's legal conclusions de novo. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007).

III.

We agree with the District Court that the ALJ's decision was supported by substantial evidence and that its legal conclusions were correct. First, the WEP requires the SSA to modify the formula for calculating an individual's disability or retirement benefits if the individual is receiving a pension based on earnings for which Social Security taxes were not paid. See 20 C.F.R. § 404.213. Corbett is subject to the WEP because her CSRS pension was based on earnings for which she did not pay Social Security taxes. She provides no evidence to support her general assertion that she is exempt from the WEP, and we find no basis for such an exemption. Second, where an individual is entitled to disability or retirement benefits and to widow's insurance

4

benefits, the widow's benefits must be reduced by an amount equal to the disability benefits. See 20 C.F.R. § 404.407. Therefore, we must reject Corbett's argument that the SSA erred by reducing her widow's benefits. Finally, Corbett offers no evidence for her various claims that the SSA committed errors with respect to the calculation of her benefits or the administration of her payments. In the absence of evidence to the contrary, the actions of SSA personnel are entitled to a presumption of regularity. See Frisby v. U.S. Dep't. of Hous. & Urban Dev., 755 F.2d 1052, 1055 (3d Cir. 1985).

We also agree with the District Court that Corbett was not denied her rights under the Due Process Clause. The record reflects that she was given an opportunity to appear at a full and fair hearing before an ALJ, was represented by counsel at that hearing, and was permitted to present evidence and legal arguments. See Ventura, 55 F.3d at 902. At the conclusion of the hearing, the ALJ provided Corbett with the opportunity to submit additional evidence, and the record reveals that her attorney submitted additional evidence. The SSA satisfied its own due process obligations by providing Corbett not only with numerous notices and explanations of its benefits determinations, but also with several in-person meetings with SSA officials prior to this litigation.

IV.

For the foregoing reasons, the judgment of the District Court is affirmed.