**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3708
_____

DENISE S. KERDMAN,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:13-cv-04216)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2015

Before:  GREENAWAY, JR., KRAUSE, and GREENBERG, *Circuit Judges*.

(Opinion filed: April 10, 2015)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Denise S. Kerdman appeals the District Court's judgment affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. We will affirm.

I.

Kerdman is 43 years old and lives with her mother in New Jersey. She is 5'1" tall and weighs 238 pounds. She is a high school graduate whose past work experience includes employment as a teacher's aide in a day care center. Kerdman claims disability primarily based on physical impairments such as a disorder of the back, exogenous obesity, asthma, gastrointestinal disorder, and mild bilateral carpal tunnel syndrome. She also claims disability based on mental impairments such as anxiety and depression.

Kerdman's application for disability benefits was denied both initially and upon reconsideration. She then requested a hearing before an Administrative Law Judge ("ALJ"). On November 28, 2011, the ALJ concluded that although Kerdman suffered from severe impairments, she nonetheless possessed the residual functional capacity to perform the exertional demands of sedentary work and the mental demands of unskilled and repetitive work. The ALJ also concluded that Kerdman's residual functional capacity precluded her from returning to work as a teacher's aide, though she could work as a hand mounter, carding machine operator, weight tester, and preparer. The ALJ found that Kerdman was not disabled and was ineligible for benefits.

On May 17, 2013, the Appeals Council denied Kerdman's request to review the ALJ's decision. Kerdman then sought review in the District Court pursuant to 42 U.S.C.

2

§ 405(g).  On July 31, 2014, the District Court affirmed the Commissioner's decision.

This appeal followed.

## II.

The Social Security Administration has issued a five-step process to determine whether an individual is disabled.[1]  20 C.F.R. § 404.1520(a)(4)(i)-(v).  In this case, the ALJ found that Kerdman (1) is not currently engaged in substantial gainful activity; (2) has severe impairments due to a disorder of the back, exogenous obesity, asthma, gastrointestinal disorder, and mild bilateral carpal tunnel syndrome; (3) does not have an impairment that meets or is the medical equivalent of the listed impairments; (4) has the residual functional capacity to perform work other than her past relevant work, that is, sedentary work with simple and repetitive tasks; and (5) is capable of performing jobs

---

[1] "The Commissioner evaluates each case according to a five-step process until a finding of 'disabled' or 'not disabled' is made.  *See* 20 C.F.R. § 404.1520(a).  The sequence is essentially as follows: (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a 'severe impairment,' she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether she can perform work she has done in the past despite the severe impairment - if she can, she will be found not disabled; and (5) if the claimant cannot perform her past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether she can perform other work which exists in the national economy.  *See id.* § 404.1520(b)-(f)."  *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431-32 (3d Cir. 1999).

that exist in significant numbers in the national economy. Thus, the ALJ concluded that Kerdman was not disabled and denied benefits.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. We must affirm the decision of the ALJ if there is substantial evidence to support it. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is not "a mere scintilla," but rather "such relevant evidence as a reasonable mind might accept as adequate." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (quoting *Plummer*, 186 F.3d at 427) (internal quotations omitted). This is a deferential standard of review. *Schaudeck*, 181 F.3d at 431.

### III.

The "sole issue" presented by Kerdman on appeal is "whether the District Court erred in determining that there was substantial evidence in the . . . record to support" the ALJ's finding that Kerdman "is not disabled and is . . . able to perform 'substantial gainful activity' as defined in 20 C.F.R. § 404.1505." (Appellant's Br. 3.) Specifically, Kerdman argues that the ALJ did not give enough weight to her treating physician's reports and failed to consider the totality of the impact of her impairments on her ability to perform substantial gainful activity.[2] Her arguments are without merit.

---

[2] Kerdman also argues that the ALJ erred in discrediting her testimony. Because this issue was not "squarely argued" before the District Court, it is waived. *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (citation omitted).

The ALJ must not "reject evidence for no reason or for the wrong reason," but "may choose whom to credit" when considering conflicting evidence. *Plummer*, 186 F.3d at 429 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir.1993)). An appellate tribunal may not re-weigh the evidence. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). The ALJ's decision to accord little weight to the opinion of Dr. Oleg Frank, Kerdman's treating physician, is supported by substantial evidence. First, Dr. Frank declared that Kerdman was either disabled or unable to work. However, the ALJ "must make the ultimate disability and [residual functional capacity] determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011); *see also Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000) (finding of disability under the Act is a legal determination to be made by the ALJ). Dr. Frank's statements that Kerdman was disabled and unable to work are therefore not dispositive. Second, substantial evidence supports the ALJ's conclusion that Dr. Frank's opinion was not well-supported, as Dr. Frank failed to reference any objective medical evidence supporting his statements of disability or articulate any specific functional limitations suffered by Kerdman. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (more weight given to an opinion that is well-supported).

Further, the extreme degree of limitation assessed by Dr. Frank was inconsistent with the substantial medical evidence of record. Dr. Rahel Eyassu, a consultative examiner and a board certified internist, examined Kerdman and rendered an opinion inconsistent with Dr. Frank's assessment of total disability. Dr. Eyassu's findings

5

strongly support the ALJ's finding that Kerdman could perform a range of sedentary work. The ALJ also relied on the opinion of Dr. Martin Fechner, an impartial medical expert and board certified internist. Dr. Fechner reviewed all of the medical evidence and, in his testimony, carefully detailed the bases for his opinion that Kerdman was limited to a range of sedentary work. The ALJ reasonably relied on Dr. Fechner's opinion. *See* 20 C.F.R. § 416.927(e)(2)(iii); *see also Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011) (ALJ entitled to weigh all evidence, including expert opinions, in reaching her findings). Finally, the ALJ relied on the reports of two New Jersey state agency medical consultants, Drs. Nancy Simpkins and Ibrahim Housri, who reviewed the medical evidence independently and concluded that Kerdman could perform a reduced range of light exertional work. The ALJ did not ignore or wrongly interpret evidence, but comprehensively considered the record and balanced all of the evidence before her.

The ALJ also properly considered Kerdman's established mental impairments and fully accounted for the functional limitations resulting from those impairments in assessing Kerdman's residual functional capacity. The ALJ's residual functional capacity assessment includes both exertional and mental health related nonexertional functional limitations, including limitations to performing jobs that are unskilled and repetitive, require only occasional changes in workplace setting, and require only occasional contact with supervisors and co-workers.[3] (J.A. 22.) Finally, the ALJ's

---

[3] The ALJ made specific findings with respect to Kerdman's mental impairments, consistent with 20 C.F.R. Part 404, Subpart P, Appendix 1. Substantial evidence

6

mental residual functional capacity findings are supported by substantial evidence, namely, the assessments of psychiatric consultative examiner Dr. Alec Roy and New Jersey state agency psychological consultants Drs. Benito Tan and Leslie Williams.

## IV.

Because there is substantial evidence supporting the ALJ's denial of benefits to Kerdman, we will affirm the District Court's decision.

---

supports the ALJ's conclusion that Kerdman is able to take care of her personal needs; maintain her personal relationships; retain the concentration to perform the activities of daily living; and that Kerdman did not experience any episodes of decompensation. (J.A. 26.)