NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 15-2257

—————————

APRIL ROSE HOCK,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

—————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-13-cv-02329)
District Judge: Honorable Petrese B. Tucker

—————————

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2016

Before: McKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Opinion filed April 6, 2016)

—————————

OPINION[*]

—————————

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant April Rose Hock appeals her denial of disability insurance benefits. The District Court affirmed the decision of the Administrative Law Judge ("ALJ"). We agree.

I.

Ms. Hock applied for disability insurance benefits in July 2009, alleging disability as of January 2009 due to major depressive disorder and schizoaffective disorder. Her initial application was denied at the administrative level and she requested an administrative hearing before an ALJ. At the administrative hearing in June 2011, the ALJ heard testimony from Ms. Hock and a vocational expert. In August 2011, the ALJ denied Ms. Hock's claim for disability insurance benefits. She decided that Ms. Hock was not disabled within the meaning of the Social Security Act because she could perform numerous jobs in the national economy notwithstanding her credibly established limitations. The ALJ found that Ms. Hock has the residual functional capacity to perform work at all exertional levels so long as (1) she was "confined to work involving simple, routine tasks[] not involving detailed instructions," and (2) the work was "self-paced and low stress in nature, and require[d] no more than limited contact with the public and coworkers." (1 App. A13-A14.)

In reaching her conclusion, the ALJ considered the opinions of four medical professionals: Dr. Ronald Sherman (an examining psychologist); Dr. Thomas Lane (the Social Security Administration's consulting psychologist); Dr. Rosemary Horstmann (a treating psychiatrist); and Carl Sebastianelli, M.A. (the Social Security Administration's non-examining psychologist). The ALJ accorded little weight to Dr. Sherman's opinion

2

because he saw Ms. Hock on only one occasion yet "recorded more extensive clinical findings and extreme limitations than even the treating source had identified." (1 App. A19.) The ALJ accorded some weight to Dr. Lane's opinion but discounted his conclusion that Ms. Hock's limitations were only severe in a "work/public setting" because that conclusion was based solely on her self-reported symptoms and unsupported by the objective evidence in the record. (1 App. A18-A19.) That objective evidence showed, among other things, that Ms. Hock worked part-time at her father's shop. (*Id.*) The ALJ accorded "less weight" to Dr. Horstmann's opinion, notwithstanding that she treated Ms. Hock, because the former's opinion was unsupported by objective medical evidence in the record and was inconsistent with her own treatment notes and the level of treatment provided. (1 App. A20.) Ms. Hock's symptoms improved when she took medication, according to Dr. Horstmann's treatment notes, but the latter's opinion did not account for that. (*Id.*) Finally, the ALJ accorded greater weight to Mr. Sebastianelli's opinion, even though he did not treat Ms. Hock, because he considered "the longitudinal record" thoroughly and his assessments were "more consistent" with Ms. Hock's overall treatment history. (1 App. A19.)

After the Appeals Council denied Ms. Hock's request for review, she appealed the ALJ's decision to the District Court. The appeal was referred to a U.S. Magistrate Judge, who recommended affirming the denial of benefits. The Court adopted the recommendation. This timely appeal followed.

3

II.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. "The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" *Id.* (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It "may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

III.

Ms. Hock claims that the ALJ erred for two reasons. The first is that the ALJ failed to evaluate properly the medical evidence in determining her residual functional capacity. Specifically, she argues that it was improper for the ALJ, based on the record, to discount the opinions of Dr. Sherman, Dr. Lane, and Dr. Horstmann while crediting Mr. Sebastianelli's opinion.

We disagree. "[T]he ALJ is entitled to weigh all evidence in making [her] finding." *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011). Here, the ALJ's assessment of the various medical opinions in this case was based on her consideration of the objective evidence in the record, and it contained substantial evidence to support each of her conclusions. The ALJ clearly explained that she gave greater weight to Mr. Sebastianelli's opinion because it was consistent with the objective evidence in the record

4

and the overall history of Ms. Hock's treatment. His was the only opinion that took into account the evidence that Ms. Hock was able to perform numerous activities of personal care and daily living. Ms. Hock argues that his opinion did not consider evidence that she cannot function in a work environment, but he specifically reported that she was able to understand, retain, and perform one- or two-step tasks, and evidence of Ms. Hock's later part-time employment at her father's body shop supports the ALJ's decision to credit Mr. Sebastianelli's conclusion.

The ALJ also clearly explained that she gave less weight to the opinions of Dr. Sherman, Dr. Lane, and Dr. Horstmann because the severity of the limitations they reported were unsupported by or inconsistent with the objective record evidence. For example, Dr. Lane's report indicated that Ms. Hock was oriented and displayed normal speech, thought content, memory, and concentration, but that contradicted his opinion that she had extreme limitations in her ability to understand, remember, and carry out short instructions. Similarly, the ALJ correctly observed that even though Dr. Sherman reported that (i) Ms. Hock was alert and oriented, (ii) her speech was clear and relevant, and (iii) her thought content was organized, he "recorded more extensive clinical findings and extreme limitations than even the treating source had identified." (1 App. A19.) Finally, Dr. Horstmann's treatment notes show that Ms. Hock worked at her father's body shop answering and directing calls for approximately ten hours a week and that she regularly babysat her friend's young children. Those activities were inconsistent with Dr. Horstmann's finding that Ms. Hock had a marked limitation on normal workday and workweek activities. As such, although there was record evidence suggesting a contrary

5

conclusion, the ALJ did not "'reject evidence for no reason or for the wrong reason,'" *Plummer*, 186 F.3d at 429 (3d Cir. 1999) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir.1993)), but rather articulated reasons for her decision that were supported by substantial evidence and were not contrary to law.

Ms. Hock's second argument is that the ALJ's credibility determination was incorrect. She argues that none of the ALJ's reasons for finding her not credible "contradict a finding that [she] is incapable of withstanding the mental demands of full-time competitive employment." (Hock Br. 40.)

Again we disagree. The ALJ's credibility determination was supported by substantial evidence. For example, the ALJ relied on evidence that Ms. Hock successfully took multiple trips to California by herself, but she claimed she could not travel more than a few miles from home without severe symptoms. (1 App. A18.) In addition to relying on evidence that Ms. Hock independently performed many activities of daily living, such as running errands outside her house, babysitting, and answering phones at her father's shop, the ALJ relied on the absence of evidence in the record to corroborate the more severe limitations to which Ms. Hock testified. As courts should "ordinarily defer to an ALJ's credibility determination," *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003), we hold that Ms. Hock has not presented sufficient reason for us to disturb the ALJ's conclusion.

\* \* \* \* \* \*

6

We have considered Ms. Hock's remaining arguments and find them unpersuasive. Because the District Court correctly held that the ALJ's decision was supported by substantial evidence, we affirm.