**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3561
_____

PATRICIA YOTS,
o/b/o Richard A. Seachrist (Deceased),
                                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. Civil Action No. 2-16-cv-00107)
District Judge:  Honorable Robert C. Mitchell

_____

Submitted under Third Circuit LAR 34.1(a)
on March 21, 2017

Before:  AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: July 19, 2017)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Patricia Yots, on behalf of the deceased Richard A. Seachrist, appeals the District Court's order granting summary judgment and affirming denial of Seachrist's application for disability insurance benefits.  For the reasons set forth below, we will affirm.

I.

Yots claims that Seachrist became disabled on July 3, 2008, as a result of degenerative arthritis and a later-discovered lesion in his lungs, which eventually developed into lung cancer.  On June 7, 2013, Seachrist filed applications for disability benefits pursuant to Title II of the Social Security Act and for supplemental social security income under Title XVI of the Social Security Act.  Both were denied without a hearing on October 24, 2013.  Seachrist sought review of both decisions before an administrative law judge (ALJ), and a hearing on both applications was held on March 26, 2015.

The ALJ found that Seachrist met the "disability insured status" requirements of the Social Security Act only through June 30, 2010.[1]  After reviewing relevant medical reports, the ALJ determined that as of July 3, 2008, Seachrist suffered from one severe impairment as defined in the relevant regulations:[2]  cervical degenerative disc disease. The ALJ noted that Seachrist had also been diagnosed with seizures and hip and shoulder

---

[1] An individual is only eligible to receive Title II benefits if they become disabled during a period where they have disability insured status.  20 C.F.R. § 404.131(b).  Seachrist was eligible to apply for disability benefits only through June 30, 2010, when his insured status expired.

[2] For an impairment to be "severe," it must "significantly limit[] [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).

2

pain, but found that these had not resulted in any functional limitations, noting record evidence that "physical examinations were essentially normal, [Seachrist] was seizure free, reported no dizziness headaches or palpitations and not taking any medications." Based on these findings, the ALJ determined that Seachrist's established date of disability was June 7, 2013, at which date records demonstrated that he suffered from a combination of osteoarthritis, chronic joint pain, chronic obstructive pulmonary disease, and lung cancer but was no longer eligible to apply for disability benefits.

The ALJ next determined that prior to June 7, 2013, Seachrist retained the residual functional capacity (RFC) to perform the full range of medium work as defined in the regulations. Finding that such work existed in significant numbers in the national economy, the ALJ determined that Seachrist was not disabled prior to June 7, 2013. The ALJ therefore denied the application for Title II benefits.

The ALJ did note, however, that Seachrist's RFC dropped on June 7, 2013, leaving him able to perform only light work. Such work did not exist in significant numbers in the national economy. Accordingly, the ALJ awarded Seachrist supplemental social security benefits as of June 7, 2013. Seachrist does not appeal the ALJ's ruling in this regard.

The Appeals Council denied review of the ALJ's decision on disability benefits.

Seachrist subsequently died. Patricia Yots sought review in the District Court. The District Court affirmed the ALJ's factual findings as to the onset date of Seachrist's disability. This appeal followed.

3

II.[3]

Yots, on appeal, asserts that ALJ's determination that Seachrist was not disabled prior to June 7, 2013 is not supported by substantial evidence. As we have explained previously, "substantial evidence" need not be a preponderance; rather, we will affirm so long as there is sufficient evidence that a "reasonable mind might accept as adequate to support a conclusion."[4] Yots nonetheless maintains that this low threshold is not met for three reasons. First, she claims that the ALJ erred by failing to consult a medical advisor, which she claims is required in cases involving a degenerative disease. Second, Yots argues that Seachrist was limited to "light" work from 2008 on, and that the ALJ's contrary determination failed to give "appropriate weight and consideration" to evidence of Seachrist's hip and joint pain, degenerative joint disease, and lung cancer. Third, Yots claims that the ALJ's analysis of Seachrist's RFC failed to properly consider the medical-vocational guidelines appended to the relevant regulations (Grid Rules). We consider each contention in turn.

A.

We first address Yots's contention that the ALJ was required to seek the advice of a medical expert rather than relying on Seachrist's medical records and treatment history.

---

[3] The District Court had jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g), 421(d), and 1383(c)(3). We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review is limited to determining whether substantial evidence supports the ALJ's finding that Seachrist was not disabled before June 7, 2013. *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (citation omitted). We review the underlying ALJ's decision under the same standard as the District Court. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (citations omitted).
[4] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted).

4

Yots cites our decisions in *Newell v. Commissioner of Social Security*[5] and *Walton v. Halter*[6] in support of her claim that when there is a slowly progressing condition, where an onset date is ambiguous, the ALJ is required to use a medical advisor.

Both cases are readily distinguishable. *Newell* and *Walton* merely held that a medical adviser was required where the record contained no evidence to substantiate *or contradict* a claimant's subjective testimony as to pain and impairment.[7] Here, by contrast, the record is replete with medical reports that predate Seachrist's diagnosis and directly contradict his testimony about the extent to which his ability to work was impaired, a situation squarely considered in the regulations.[8]

Accordingly, we find no error in the ALJ's decision not to seek the advice of a medical expert.

B.

We next consider whether the ALJ afforded sufficient weight to the evidence of Seachrist's impairments in finding Seachrist able to perform "medium work" before June 7, 2013. In its decision, the ALJ accepted that Seachrist suffered some degree of joint pain in his hips, knees, and shoulder from 2008 onward. However, the ALJ found that the claimant's statements about his pain were not entirely credible insofar as they were not supported but, in fact were contradicted, by medical record evidence.

Yots argues that the ALJ inappropriately ignored evidence of Seachrist's lung

---

[5] 347 F.3d 541 (3d Cir. 2003).
[6] 243 F.3d 703 (3d Cir. 2001).
[7] *See Newell*, 347 F.3d at 549; *Walton*, 243 F.3d at 709
[8] *See* 20 C.F.R. § 416.929(c)(4).

5

cancer, joint pain, and degenerative joint disease, pointing to certain medical reports documenting his cervical degenerative joint disease beginning in late 2008 and 2009. We see no error in the ALJ's treatment of these claims. As an initial matter, the evidence of Seachrist's lung cancer is largely absent from the medical record before 2013. To the extent that doctors identified abnormalities in Seachrist's lungs, this evidence does not suggest that Seachrist actually suffered from any lesions or masses in his lungs.

With respect to Seachrist's joint pain and degenerative joint disease, Yots fails to acknowledge that the ALJ expressly credited this evidence and accepted that Seachrist suffered pain from cervical degenerative disc disease as early as June 30, 2008. The ALJ's determination rested on the fact that the limitations imposed by this disease were minimal—a finding clearly supported by the repeated medical examinations between 2008 and 2013 that demonstrated largely normal function.

Because Yots does not introduce any evidence beyond Seachrist's own testimony about the impairments resulting from his degenerative joint disease or pain, and the record contains adequate evidence supporting the ALJ's finding of minimal impairment, there is no reason to revisit this determination.

C.

Finally, Yots argues that, even accepting the ALJ's determination that Seachrist could perform "medium" work, Grid Rule 203.00(b) nonetheless mandated a finding of disability based on Seachrist's education level, age, and employment history. Grid Rule 203.00(b) provides that a claimant will be found disabled, notwithstanding RFC to perform "medium" work, if the person "(1) has a marginal education, (2) has work

6

experience of 35 years or more doing only arduous unskilled physical labor, (3) is not working, and (4) is no longer able to do this kind of work because of a severe impairment(s) . . ..”[9]  The ALJ found that Seachrist had “limited education,” as opposed to a “marginal education,” defeating his claim for disability on this ground.  On appeal, the parties only dispute whether Seachrist has a “marginal education” as defined in the regulations.[10]

The regulations elsewhere define “marginal education” as “ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs.”[11]  The regulations further set out the general rule that “formal schooling at a 6th grade level or less is a marginal education.”[12]  Using these definitions, we find no error in the ALJ’s determination that Seachrist had more than a “marginal education.”  Seachrist testified that he completed 7th grade, and eventually obtained his GED.  Further, Seachrist affirmed that he wrote and completed reports as part of his last two jobs, and engaged in at least one semi-skilled job.  Thus, we find that the ALJ’s determination as to Seachrist’s education level is supported by substantial evidence.[13]

---

[9] 20 C.F.R. § 404, Subpart P, Appendix 2, Section 203.00(b).

[10] The ALJ found that, at the time of his application, Seachrist was not working and was unable to do the arduous unskilled physical labor in which he had previously been engaged.  The ALJ did not consider, and the parties have not briefed, whether Seachrist has work experience of 35 years doing only arduous unskilled physical labor.  Because Seachrist has not established his “marginal education,” however, we need not consider whether Seachrist worked for 35 years at such labor.

[11] 20 C.F.R. § 404.1564(b)(2).

[12] *Id.*

[13] To the extent that Yots alleges that Seachrist was illiterate, she did not raise this issue until her reply brief in the District Court.  This issue is therefore waived because it was not properly raised in the District Court.  *See Anspach v. City of Philadelphia, Dept. of*

7

III.

For the foregoing reasons, we conclude that the ALJ's determination as to the onset date of Seachrist's disability is supported by substantial evidence in the record. We will therefore affirm the judgment of the District Court.

---

*Public Health*, 503 F.3d 237, 246 (3d Cir. 2002). Moreover. this allegation is contradicted by Seachrist's affirmation in his application for benefits that he could read and understand English.