NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3721
_____

GERALD MICKIE,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-04694)
District Judge: Honorable Jan E. DuBois
_____

Submitted September 9, 2019
Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Filed: September 12, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Gerald Mickie appeals the District Court's judgment affirming the Commissioner of Social Security's denial of supplemental security income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381. We will affirm.

I[1]

When he first applied for SSI in December 2013, Mickie was 57 years old and had previously worked as an electrician helper.[2] Mickie reported struggling with back pain and neuropathy. In his amended application, Mickie alleged a disability onset date of August 29, 2011. When the Commissioner denied that application, Mickie requested a hearing. The Administrative Law Judge (ALJ) held three hearings, adjourning in August 2015 and rescheduling in January 2016 to allow Mickie time to obtain additional medical records. Mickie appeared at each hearing, represented by counsel. Following his third hearing, the ALJ denied Mickie's claim under the Act.

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over legal conclusions reached by the Commissioner," and "review the Commissioner's factual findings for 'substantial evidence.'" *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

[2] In his application, Mickie identified himself as an electrician. At his administrative hearing, the state vocational expert identified Mickie as an "electrician helper" because, despite his "electrical work," he was not licensed as an electrician. App. 158–161.

The ALJ determined that Mickie failed at step five of the disability determination process, which requires that a claimant not be able to perform work existing in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(v); *Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014). She based her decision on medical evidence, opinion evidence, and hearing testimony consistent with "the residual functional capacity (RFC) to perform medium [exertion] work" under certain limitations. App. 7–11. Because that RFC allows Mickie to find alternative employment in the national economy, the ALJ found him "not disabled." App. 12–13. Mickie appealed the ALJ's decision and tried to introduce new evidence (medical records dated after the relevant period). When the Appeals Council denied his request for review, Mickie appealed to the District Court, which affirmed the ALJ's findings. Mickie timely appealed.

II

Mickie essentially claims the ALJ made two mistakes in her analysis. First, the ALJ's RFC medium work determination contradicted the medical record, as it permitted greater exertion than the light work assessed by Mickie's state consultative examiner and reviewing physician. Second, Mickie argues the ALJ erred by "fail[ing] to acknowledge or discuss the CT scan evidence," which allegedly "contradicted the x-ray evidence . . . cited in support of her decision." Mickie Br. 7. That CT scan, he claims, provides "pertinent and probative evidence inconsistent with [the ALJ's] findings." Mickie Br. 2. Because the ALJ did not explain why she did not discuss that CT scan,

3

Mickie maintains the ALJ's RFC determination was not supported by substantial evidence.

We disagree. "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.' It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ found Mickie capable of medium work after identifying and evaluating copious evidence consistent with that finding—including records of medical examination and imaging, as well as physician testimony. Because assessments by Mickie's appointed consultative examiner and state reviewing physician contrasted with "completely normal findings on [his physical] exam" and his "[medical] record as a whole," the ALJ gave their opinions less weight. App. 11; *see* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion."). When faced with conflicting medical evidence, we have said that "the ALJ is entitled to weigh all evidence in making its finding." *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011). The ALJ's consideration of Mickie's entire record and decision to more heavily weigh Mickie's physical exam satisfy the requirements of substantial evidence. So we decline to disturb

4

the ALJ's determination that Mickie was not disabled because he could perform medium work. *See Biestek*, 139 S. Ct. at 1154.

Mickie also urges us to overturn the ALJ's decision because it did not clearly discuss his July 2013 CT scan. But we are "not permitted to re-weigh the evidence or impose [our] own factual determinations" when reviewing the ALJ's findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). That includes the ALJ's treatment of this scan. The ALJ's analysis demonstrates thorough consideration of the medical evidence pertaining to Mickie's back impairment and resulting limitations. Mickie's contention that the ALJ ignored his July 2013 CT scan is incorrect: her decision cites to exhibit "2F" in the record, which includes the scan. So we perceive no error in the ALJ's disability determination on this basis.

\* \* \*

For the reasons stated, we will affirm the judgment of the District Court.