**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2589
_____

ROBERT L. GARY, JR.,
                                          Appellant

v.

WORKER'S COMPENSATION APPEALS BOARD OF PA;
COMMISSIONERS OF THE WORKERS COMPENSATION APPEALS
BOARD; SANDRA CRAWFORD; JAMES ZURICK; JUDGE
BEVERLY J. DONEKER, Dept. of Labor and Industry;
J.D. ECKMAN INC.; PHILIP C. KEIDEL, CNA Insurance Co's.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00961)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 10, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 16, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Gary, Jr., appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

This appeal concerns at least the third federal civil action that Gary has filed pro se relating to his Pennsylvania state workers' compensation proceeding. By way of background, in 2007 a Workers' Compensation Judge ("WCJ") approved a settlement between Gary and his former employer under which Gary received a lump-sum payment of $140,000. In 2013, Gary began seeking additional compensation. After multiple hearings and series of appeals and remands, the WCJ ultimately denied Gary's requests in 2017. In 2018, both the Workers' Compensation Appeal Board and the Pennsylvania Commonwealth Court affirmed. See Gary v. Workers' Comp. App. Bd. (J.D. Eckman, Inc.), No. 581 C.D. 2018, 2018 WL 6314214, at *6 (Pa. Commw. Ct. Dec. 4, 2018), appeal denied, No. 2 MAL 2019, 2019 WL 3297355 (Pa. July 23, 2019).

Gary filed his first federal action addressed to these proceedings in 2013 in the Middle District of Pennsylvania. (M.D. Pa. Civ. No. 1-13-cv-02540.) Among the defendants he named were the Pennsylvania Department of Labor and Industry and members of the Workers' Compensation Appeal Board. He claimed that the defendants violated his due process and equal protection rights because, among other things, his signature on the 2007 settlement agreement "was obtained fraudulently." He also claimed that the process afforded him had been deficient in various respects. The District Court dismissed that complaint on the grounds that certain defendants were entitled to sovereign immunity and that Gary otherwise failed to state a claim. Gary did not appeal.

2

Gary filed his next federal action in 2019, this time in the Eastern District of Pennsylvania. (E.D. Pa. Civ. No. 5-19-02068.) He again named as defendants the Department and the Board, and he added his former employer and the WCJ. Gary asserted in conclusory fashion that the defendants conspired to deny him due process and equal protection in violation of his rights under the First, Eighth and Fourteenth Amendments. In particular, he again complained that the WCJ erred in approving the 2007 settlement and that defendants had otherwise denied him a "full and fair hearing" and committed an "abuse of process." For relief, he requested monetary damages along with "reinstatement of benefits and dismissal of all decisions and orders from [2007] till present."

The District Court dismissed that complaint with prejudice as frivolous and for failure to state a claim under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2)(b)(i) and (ii). In doing so, the District Court concluded (among other things) that Gary's claims were untimely, that the WCJ was entitled to judicial immunity, and that Gary's allegations were otherwise too conclusory to state a plausible claim. Once again, Gary did not appeal.[1]

Instead, about three weeks later, Gary filed in the Middle District of Pennsylvania

---

[1] After the District Court dismissed Gary's complaint, he filed a "motion for stay or injunction pursuant to Rule 8(a)," but he did not file a notice of appeal. The District Court treated that motion as one for reconsideration and denied it on June 13, 2019. Gary's 30-day period to appeal expired on July 15, 2019 (July 13 being a Saturday). See Fed. R. App. P. 4(a)(1).

the complaint at issue here.  His complaint was virtually identical to the one that the Eastern District Court had just dismissed, and he both named the same defendants and sought the same relief.  Among other things, Gary continued to complain of the 2007 settlement and to assert in conclusory fashion that the defendants conspired to deprive him of his due process and equal protection rights.

The District Court, acting on a Magistrate Judge's recommendation, dismissed Gary's complaint with prejudice under the in forma pauperis statute and Fed. R. Civ. P. 12(b)(6).  The District Court concluded, among other things, that Gary's complaint was barred by res judicata by reason of his Eastern District action.  Gary now appeals.[2]

II.

Gary raises two arguments that we will briefly address.  First, he challenges the District Court's application of res judicata.  We agree with the District Court that Gary's complaint was barred by res judicata,[3] however, and we will affirm its ruling on that basis.  Gary's present complaint is barred by res judicata because there has been "(1) a

---

[2] We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over dismissals on res judicata grounds.  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).  Because we will affirm on that ground as explained below, we need not address whether and to what extent Gary's claims are barred by the jurisdictional Rooker-Feldman doctrine.  See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016) (holding that federal courts need not assure themselves of subject matter jurisdiction before applying res judicata, also called claim preclusion).  Our affirmance on res judicata grounds also means that we do not reach the merits of Gary's claims.  We nevertheless note that Gary's conclusory allegations of insufficient process appear to be belied by the Commonwealth Court's extensive discussion of the extensive process afforded him, which included five hearings.  See Gary, 2018 WL 6314214, at *1-4.

[3] The Magistrate Judge invoked both res judicata and collateral estoppel, but his discussion focused on the latter.  We focus on the former.

4

final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Davis v. Wells Fargo, 824 F.3d 333, 341-42 (3d Cir. 2016) (quotation marks omitted). In particular, all of the events of which Gary complains had transpired when he filed his virtually identical complaint against the same defendants in the Eastern District of Pennsylvania, which the District Court dismissed with prejudice. Thus, Gary either raised or could have raised all of his present claims in that proceeding.

Gary asserts that his present claims are not barred by res judicata because defendants violated his rights. Res judicata, however, addresses the multiplicity of lawsuits, not their merits. See Hoffman, 837 F.3d at 277. If Gary believed that his claims had merit, his remedy was to appeal after the Eastern District Court dismissed his complaint, not to simply file another one with a different court. Indeed, Gary's filing of his present complaint would not have prevented the Eastern District's dismissal from becoming final for res judicata purposes even if that court had granted leave to amend, which it did not. See id. at 279-80.

Second, Gary argues that he did not consent to the exercise of jurisdiction by the Magistrate Judge and that the District Court failed to adequately review the Magistrate Judge's report. The Magistrate Judge, however, was authorized to issue his recommendation upon the District Court's referral under 28 U.S.C. § 636(b)(1). And even though the District Court could have addressed Gary's objections more

specifically,[4] any error in that regard was harmless because our plenary review confirms that the District Court properly dismissed the complaint on the basis of res judicata. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).

### III.

For these reasons, we will affirm the judgment of the District Court.

---

[4] The District Court declined to write separately because it concluded that Gary had filed only general objections that merely restated facts and arguments presented in his complaint. In fact, Gary raised a specific legal objection that was relevant to the application of res judicata. Gary argued that the Eastern District lacked "jurisdiction" over his complaint, and res judicata applies only when there has been a prior judgment by a court of "competent jurisdiction." Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) (quotation marks omitted). Gary has not repeated that argument on appeal and, even if he had, we would reject it. In his Eastern District action, as in this one, Gary asserted claims under 42 U.S.C. § 1983 and other federal statutes that defendants violated his federal rights. Thus, the Eastern District Court had subject matter jurisdiction under 28 U.S.C. § 1331.