NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3219
_____

KATHY L. CONNORS,
                                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-03950)
District Judge: Honorable Richard A. Lloret
_____

Submitted September 6, 2022
Before: JORDAN, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed:  September 8, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Kathy Lynn Connors appeals the District Court's judgment affirming the Commissioner of Social Security's denial of disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. We will affirm.

I[1]

Connors applied for disability benefits in October 2017. In 2012, Connors injured her knee while working as a fire service paramedic and had arthroscopic surgery seven months after the injury. Following surgery and physical therapy, Connors's pain "lessened, but did persist," limiting her ability to resume paramedic duties, though she "continued on a home exercise program recommended by [her physician] including walking and light exercises as tolerated at [her] local gym." AR 1071. Connors did not seek further treatment for her knee pain until after September 30, 2014, when her disability insurance expired.

Connors claimed disabling impairments between August 12, 2014 (the alleged onset of her disability) and September 30, 2014 (the last date she qualified as insured). When a state medical expert found that her treatment records failed to establish severe impairment during that period, Connors requested a hearing. In September 2019, she and

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over legal conclusions reached by the Commissioner" and "review the Commissioner's factual findings for 'substantial evidence.'" *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citing 42 U.S.C. § 405(g)).

her counsel appeared before an Administrative Law Judge. The ALJ called a vocational expert to testify. While agreeing that Connors could no longer perform a paramedic's "very heavy" work, the vocational expert identified "light" jobs which Connors could perform, given her medical skills (*e.g.*, phlebotomist, medical assistant). AR 75–78, 82. Following her hearing, the ALJ denied Connors's claim under the Act. *See* 42 U.S.C. §§ 416(i), 423.

The ALJ determined that Connors failed at step five of the disability determination process, which requires that a claimant be unable to perform work existing in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(v); *Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014). The ALJ relied on medical evidence, expert opinion evidence, and hearing testimony showing that Connors had the residual functional capacity (RFC) "to perform light work" with certain limitations. AR 13–19. Because that RFC allows Connors to find alternative employment in the national economy, the ALJ found her "not disabled." AR 19. Connors appealed the ALJ's decision and tried to reintroduce certain medical records (exhibits from her hearing) as evidence. When the Appeals Council denied her request for review, Connors appealed to the District Court, which affirmed the ALJ's findings. *Connors v. Kijakazi*, 2021 WL 4523494, at *1 (E.D. Pa. Oct. 4, 2021). Connors moved for reconsideration, which the District Court denied. *Connors v. Kijakazi*, 2021 WL 5235272, at *1 (E.D. Pa. Nov. 10, 2021). Connors timely appealed.

Connors claims substantial evidence did not support the ALJ's decision. First, she argues that the ALJ's RFC determination contradicted her medical record—specifically, an evaluation she obtained to support a workers' compensation claim she pursued before applying for disability benefits. Second, Connors contends the agency bore the burden of proving her RFC for alternative work. In her view, the agency "did not produce substantial and competent evidence that [Connors] could meet a job requiring her to be on her feet all day." Connors Br. 40. So the ALJ erred when she deemed Connors not disabled.

We disagree. "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.' It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The ALJ found Connors capable of performing light work after identifying and evaluating copious medical evidence consistent with that finding, including evidence from Connors's own doctors. The ALJ weighed that evidence alongside Connors's lack of treatment for knee pain during the period she alleges disability. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)–(v) (type and nature of claimant's treatment are relevant factors when evaluating allegedly disabling symptoms). Because Connors reported being "independent with activities of daily living" and sought no follow up treatment for her knee after completing physical therapy post-surgery, the

ALJ concluded that any continued knee impairment would not preclude light work. AR 17–18; *cf.* AR 514, 622, 631, 641, 646, 656 (hospital records from 2013 and 2014 for asthma, cold, and difficulty sleeping, all affirming Connors's report of being "[i]ndependent in [activities of daily living]" and not "afraid of falling"). And because the only contradictory medical opinion—offered in connection with Connors's workers' compensation claim—was "not supported by any physical examination findings, or treatment notes," the ALJ gave it less weight. AR 17; *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."). When faced with conflicting medical evidence, "the ALJ is entitled to weigh all evidence in making its finding." *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011). The ALJ's consideration of the entire record and her decision to more heavily weigh Connors's lack of treatment for knee pain satisfy the requirements of substantial evidence. So we decline to disturb the ALJ's determination that Connors was not disabled because she could perform light work. *See Biestek,* 139 S. Ct. at 1154.

Connors also urges us to reverse the District Court based on the ALJ's supposed burden of proof at step five. But Connors disputes the ALJ's RFC determination (*i.e.*, whether Connors "could meet a job requiring her to be on her feet all day," Connors Br. 40), an assessment the ALJ made before step four, when Connors still had the burden of proof. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), (e); *see also* 20 C.F.R. § 404.1560(c)(2) (agency "not responsible for providing additional evidence about [claimant's] residual

functional capacity" at step five because it uses "same residual functional capacity assessment" established in earlier steps). So we perceive no error in the District Court's decision on this basis.

*       *       *

For the reasons stated, we will affirm the judgment of the District Court.

6