**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2213
_____

DAVID WILLIAM COLVIN,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-15-cv-00515)
District Judge: Hon. Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2017
_____

Before: SMITH, Chief Judge, JORDAN and SHWARTZ, Circuit Judges.

(Filed: January 18, 2017)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.


    David William Colvin appeals from the order of the District Court affirming the

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

decision of the Administrative Law Judge ("ALJ") denying his application for disability insurance benefits ("DIBs"). For the reasons set forth herein, we will affirm.

I

Colvin filed an application for DIBs, alleging that a cervical neck fusion, lower lumbar stenosis, and brain tinnitus prevented him from working. At a hearing before the ALJ, Colvin testified that his ailments caused him to suffer from neck pain, migraines, mobility issues, and strength depletion. Despite these maladies, Colvin testified that he was able to perform light housework, take care of himself, drive, go out alone, pay bills, count change, and handle personal finances.

In addition to Colvin's testimony, the ALJ considered various medical records and the testimony of a vocational expert. The records show, among other things, that during several examinations, Colvin was in no apparent distress, had normal neurologic function, only minimal physiologic limitations on his range of motion, full motor strength, and symmetric reflexes. The records also include two conflicting functional capacity assessments. Dr. Anthony Ricci, Colvin's treating physician, reported that Colvin was permanently disabled and only capable of occasionally lifting or carrying two and half pounds, standing and or walking for three hours during an eight-hour workday, and sitting about three hours during an eight-hour workday. Dr. Paul Reardon, a state agency consultant who did not personally examine Colvin but reviewed his records, found that Colvin was not disabled and was capable of occasionally lifting or carrying 20 pounds, standing and or walking for four hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday. A vocational expert testified that Colvin

2

retains the residual functional capacity to perform sedentary work and is capable of

performing several jobs that exist in significant numbers in the national economy.

Based on this evidence, the ALJ concluded that Colvin had several severe

impairments,[1] including degenerative disc disease with bilateral radiculopathy, hip

bursitis, fibromyalgia, hypertension, and brain tinnitus, but that his "statements

concerning the intensity, persistence and limiting effects of [his] symptoms are not

entirely credible," App. 19-20, and his treatment history was not commensurate with a

condition of the severity which he alleged.  The ALJ further determined that Colvin

retained the capacity to work, that jobs exist that he can perform, and, accordingly, that

he was not entitled to DIBs.  The District Court affirmed.  Colvin appeals.

## II[2]

We exercise plenary review over the ALJ's determination of legal issues, Chandler

v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011), and review the ALJ's factual

findings and final determination under the deferential "substantial evidence" standard, 42

U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir.

2005) (internal quotation marks and citation omitted).  It is "more than a mere scintilla

but may be somewhat less than a preponderance of the evidence." Id. (internal quotation

---

[1] A "severe impairment" is demonstrated by showing "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520.

[2] The District Court had jurisdiction under 42 U.S.C. § 405(g).  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

marks and citation omitted).  If, upon review of the record as a whole, Schaudeck, 181 F.3d at 431, we determine that the ALJ's findings are supported by substantial evidence, we are bound by those findings even if we would have decided the inquiry differently, Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

III

We conclude that substantial evidence supports the ALJ's determination that Colvin was not disabled.  The record shows, among other things, that, despite his various medical problems, Colvin is capable of performing light housework, taking care of himself, driving, going out alone, handling personal finances, occasionally lifting or carrying 20 pounds, standing and or walking for four hours in an eight-hour workday, sitting for about six hours in an eight-hour workday, and that he could perform sedentary jobs that exist in significant numbers in the national economy,  Thus, substantial evidence supports the ALJ's findings.

Colvin's argument that the ALJ failed to consider the opinion of Dr. Ricci, Colvin's treating physician who determined that Colvin was "permanently disabled," and improperly afforded greater weight to the opinion of Dr. Reardon, the state consultant who reviewed the record and found that Colvin did not have functional limitations that precluded him from working, is unavailing.  While "[t]reating physicians' reports should be accorded great weight," Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity," Brown v. Astrue, 649 F.3d 193, 196 n.2 (3d Cir. 2011); see also Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994) (recognizing that a "statement by a plaintiff's treating

4

physician supporting an assertion that [plaintiff] is disabled or unable to work is not dispositive of the issue" (internal quotation marks and citations omitted)). Instead, the ALJ may assign a treating physician's opinion more or less weight depending upon the extent to which the physician's assessment is supported by the record. Plummer, 186 F.3d at 429. Here, the ALJ reviewed Colvin's medical records and the opinions of physicians and acted within her discretion to assign less weight to Dr. Ricci's opinion because: (1) Dr. Ricci's permanent disability diagnosis was set forth in a checkbox form unaccompanied by any explanation, which we have held to be "weak evidence at best," Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993); and (2) Dr. Ricci's opinion was not supported by the medical records, which actually showed that, during several examinations conducted by both Ricci and other physicians Colvin was in no apparent distress and had only minimal physiologic limitations on range of motion, normal neurologic function, full motor strength, and symmetric reflexes. Therefore, the ALJ did not err in according Dr. Ricci's opinion less weight.

IV

For the foregoing reasons, we will affirm the order of the District Court.

5