DLD-120                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2773
_____

MYRON MOTON,
Appellant

v.

JOHN WETZEL; STEVEN GLUNT; KATHLENE KANE; SUPERINTENDANT
HARRY; DEPUTY MEINTEL; DEPUTY ZWILRZYNA; UNIT MANAGER DISBY;
L.T. LEEDOM; TRACY WILLIAMS; L.T. BOOHER; L.T. DAVY; OFFICER
HUBER; OFFICER GARDER; OFFICER MCBETH; JOHN/JANE DOES FBI
AGENTS; JOHN/JANE DOE DEPARTMENT OF JUSTICE AGENTS; SGT. SWIFT;
JOHN DOE CELL EXTRACTION TEAM UNIT; LIEUTENANT SUPERVISED
CELL EXTRACTION TEAM UNIT; JOHN DOE MAIL CARRIERS; JOHN/JANE
DOE MAIL CARRIERS; JOHN/JANE DOE MAIL SUPERVISER; DEB ALVORE;
OFFICER JOHNSON; CHIEF GRIEVANCE COORDINATORS; ACTING
GRIEVANCE COORDINATORS; DORINE VARNER; KERI MOORE; MICHAEL
BEAL; SUPERINTENDANT WINGARD; DEPUTY HAINSWORTH; DEPUTY
MAZUKIEWIEZ; MAJOR WADSWORTH; MAJOR PRICE; DARR; JOSEPH
DUPONT; JOSEPH ALLEN; OFFICER SANNER; OFFICER WYATT; OFFICER
STANTON; SGT. LEDAMUK; LT. CINKO; LT. SHAFFER; OFFICER
MCDANNELL; HEIDI SROKA; OFFICER KLINE; OFFICER BLY; CAPTAIN
BAKOS; LT. SMITH; JOHN DOE CELL EXTRACTION UNITED TEAM;
JOHN DOE LIEUTENANT SUPERIVSED CELL EXTRACTION UNIT TEAM;
OFFICER TRESILER; OFFICER HUGO; SGT. WASHBURN; MUTCHER;
RILKESKY; UNITED STATES POSTAL SERVICE; JOHN DOE DEPARTMENT OF
JUSTICE AGENT; JOHN/JANE DOE DEPARTMENT OF FBI AGENT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00008)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or

Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 20, 2020
Before:  RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: March 4, 2020)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Myron Moton, a Pennsylvania state prisoner proceeding in forma pauperis, appeals from the District Court's dismissal of his second amended complaint after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion.  In June 2018, Moton filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania.  The complaint, which was over 100 pages long, raised a vast array of claims against dozens of state and federal officials. The District Court dismissed the complaint, without prejudice, for failure to comply with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure.  See generally Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (explaining the requirement, under Rule 8, that a complaint provide a short and plain statement of the claims).  The District Court explained that Moton should plead specific facts for each of his claims against each

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

defendant. Moton then filed a similar, nearly 100-page amended complaint, which the

District Court again dismissed without prejudice.

Moton then filed his second amended complaint, which the U.S. District Court for

the Middle District of Pennsylvania transferred to the U.S. District Court for the Western

District of Pennsylvania, where many of Moton's claims arose. Moton alleged that

Pennsylvania Department of Corrections personnel, local prosecutors, judges, the FBI,

and the Department of Justice are engaged in a vast criminal conspiracy involving

bribery, obstruction of justice, retaliation, and harassment. Among other things, Moton

alleged that corrections officers are trying to have him killed and that he has been

repeatedly placed in disciplinary confinement. Moton also alleged that the Philadelphia

District Attorney's Office has failed to investigate evidence of his innocence.

In June 2019, the District Court adopted the Magistrate Judge's Report and

Recommendation and dismissed the complaint, pursuant to § 1915(e)(2)(B)(ii) and with

prejudice, for failure to state a claim. This appeal, which is timely, see Fed. R. App. P.

4(c)(1); Houston v. Lack, 487 U.S. 266, 270 (1988), ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District

Court's dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d

220, 223 (3d Cir. 2000). Where a complaint has not alleged sufficient facts to state a

claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); see also Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to

raise a right to relief above the speculative level."). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

The District Court properly dismissed Moton's complaint for failure to state a claim. Moton brought a vast array of claims against dozens of defendants based on vague allegations of a conspiracy. Even after receiving multiple opportunities to replead and instructions from the District Court about the type of information to provide, Moton failed to plead "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct," and he failed to allege "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.[1]

Moreover, we note that, to the extent that Moton's claims were based on alleged violations of criminal statutes, those statutes do not confer a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 279–86 (2002); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). To the extent that he attempted to raise a

---

[1] We note that Moton's appellate filings — and his filings in the District Court after the Magistrate Judge issued his Report and Recommendation — have continued to raise new claims, including Eighth Amendment claims, stemming from allegations of recent misconduct by the defendants. Moton may wish to pursue those claims through separate litigation and after proper administrative exhaustion, but we will not consider them in this appeal. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (the Court will "not consider new claims for the first time on appeal") (citation omitted).

4

retaliation claim, Moton failed to plausibly allege that any constitutionally protected conduct was a substantial or motivating factor in any of the defendants' alleged retaliation. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). To the extent that Moton's allegations regarding his placement in disciplinary confinement raise a due process claim, he failed to allege that he was deprived of a protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995); cf. Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (explaining that disciplinary confinement for seven months "does not, on its own, violate a protected liberty interest as defined in Sandin"). And, to the extent that Moton's claims against the Philadelphia District Attorney are not barred by favorable termination requirement of Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), Moton failed to plead a plausible due process violation, cf. Skinner v. Switzer, 562 U.S. 521, 523 (2011). Thus, the District Court properly dismissed the second amended complaint with prejudice.[2]

Although Moton has raised various challenges to the District Court proceedings, we conclude that they are meritless. In particular, even assuming that there was any error regarding the consideration of Moton's objections to the Magistrate Judge's Report and

---

[2] Because Moton was granted leave to amend his complaint on multiple occasions and was provided with guidance as to the information that an amended complaint should contain, the District Court properly dismissed the second amended complaint with prejudice. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We note that, with respect to any claims that would be barred by Heck's favorable termination requirement, the District Court properly indicated that its dismissal was without prejudice to Moton's seeking habeas relief. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

Recommendation, such error was harmless because the District Court properly dismissed the complaint for failure to state a claim. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). The District Judges and the Magistrate Judge who presided in this case did not err in declining to recuse themselves, as Moton has not shown that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks and citations omitted). We discern no abuse of discretion in the decision to transfer the second amended complaint to the Western District. See generally Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995). And the District Court properly denied Moton's requests for appointment of counsel after weighing the appropriate considerations. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

Accordingly, we will affirm the District Court's judgment.