**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2748
_____

JOHN F. MCGINNIS, JR.,
                                        Appellant

v.

SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:13-cv-06484)
Chief District Judge: Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 17, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: April 2, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant John F. McGinnis, Jr., appeals from the District Court's order affirming

the final decision of the Commissioner of Social Security granting in part and denying in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

part his request for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. For the reasons set forth below, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In 2006, McGinnis filed for DIB and SSI, alleging disability beginning on February 12, 2003. In 2008, the Administrative Law Judge (ALJ) decided that McGinnis was not disabled as of the alleged onset date. In 2010, the Appeals Council denied review. McGinnis then filed an action for review in the District Court. The Social Security Administration filed for a remand in order, among other things, to reevaluate the weight given to the opinions from Dr. Jeffrey Perlson and Dr. Ronald Abraham. In 2012, the District Court remanded the case for additional administrative proceedings.

On remand, McGinnis amended the alleged onset date of his disability to June 14, 2004, his 50th birthday. He claims that he was disabled as a result of degenerative disc disease of the cervical spine, cervical radiculopathy, and carpal tunnel syndrome. McGinnis testified that he was a mail carrier for the U.S. Postal Service for approximately 29 years, ending in February 2003. He experienced radiating neck pain, numbness in his hands, and back pain that made it difficult to sleep, sit, stand, and bend. He estimated that he could lift about five pounds without being in pain, and that his pain would not allow him to stand for six hours in a workday. McGinnis took Advil for the pain. On a weekly basis, he was able to walk to the library, eat out with friends for several hours, and sit on a bus for several hours

to go to the casino. He was also able to clean the cellar, do the laundry, and prepare his meals.

Dr. Cheryl Collier-Brown, M.D., treated McGinnis from January 2002 to August 2002, and once on September 13, 2005. Dr. Collier-Brown ordered several tests and recommended various work limitations for McGinnis from January 2002 to August 2002. But, she determined that McGinnis could return to full-duty work on September 4, 2002. When Dr. Collier-Brown examined McGinnis in 2005, she noted that he was experiencing decreased strength in his hands, but she could not medically support a claim for disability because McGinnis had not received any treatment or testing since 2002. In 2007, McGinnis was evaluated by Dr. Perlson, D.O., who observed McGinnis and reviewed his medical history. Dr. Perlson recommended that McGinnis be limited to lifting 10 pounds and that moderate limitations be placed on his upper-extremity pushing and pulling. Dr. Perlson did not recommend any restrictions on sitting, walking, or lower-extremity pushing and pulling. In 2008, McGinnis was evaluated by Dr. Abraham, D.O., who also observed McGinnis and reviewed his medical history. Dr. Abraham made recommendations similar to those of Dr. Perlson, adding that McGinnis should be limited to 30 minutes of standing and 30 minutes of sitting in an eight-hour day.

The ALJ issued a decision on February 6, 2013, finding that McGinnis was disabled beginning on June 13, 2009, but not disabled, and not entitled to benefits, before that date. In rendering the decision, the ALJ applied the five-step sequential evaluation process for determining disability. See Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004); 20 C.F.R.

3

§§ 404.1520(a), 416.920(a).[1] Specifically, the ALJ concluded that at step four, McGinnis retained the residual functional capacity to perform "light work," which may include lifting up to 20 pounds, "a good deal of walking or standing," and prolonged periods of sitting, see 20 C.F.R. § 404.1567(b). As part of this finding, the ALJ discredited the opinions of Dr. Perlson and Dr. Abraham, noting, among other things, that their opinions were based on reviews of the treatment provided by Dr. Collier-Brown and McGinnis's subjective complaints.

The ALJ further determined that McGinnis's subjective complaints of pain were not entirely credible for two reasons. First, McGinnis stated that he did not return to work in late 2002 because he was in the process of getting his disabilities diagnosed. But medical documentation showed that he did not go back to work because he was convicted of driving under the influence (DUI), lost his driver's license, and would have had to walk his mail route. Second, the ALJ noted that, despite his complaints, McGinnis had not sought significant medical treatment between 2003 and 2005.

McGinnis again requested review of the ALJ's decision, which the Appeals Council denied. McGinnis commenced another action in the District Court seeking review of that

---

[1] The Commissioner must make determinations at each step until the applicant is found to be disabled or not disabled. Those determinations consist of: (i) whether the applicant has engaged in substantial gainful activity since the alleged disability onset date; (ii) whether the applicant has a severe impairment or combination of impairments; (iii) whether the impairment or combination of impairments meets the criteria of a listed impairment; (iv) whether, despite the severe impairment, the applicant retains the residual functional capacity to perform his past relevant work; and (v) whether the applicant is capable of performing other jobs that exist in the national economy, considering his age, education, work experience, and residual functional capacity. See 20 C.F.R. § 404.1520(a)(4).

decision. The District Court, adopting the Magistrate Judge's Report and Recommendation over McGinnis's objections, affirmed the ALJ's decision. This appeal ensued.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Like the District Court, we must uphold the ALJ's findings—including credibility determinations—if they are supported by substantial evidence. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); Burns v. Barnhart, 312 F.3d 113, 130 (3d Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id. (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971)).

## III.

We agree with the District Court's thorough analysis of the record and its disposition of this case. Before this Court, McGinnis argues primarily that the ALJ erred in crediting Dr. Collier-Brown's opinion and discrediting the opinions of Dr. Perlson and Dr. Abraham. Specifically, McGinnis argues that the ALJ should not have considered Dr. Collier-Brown's opinions because her treatment predated the alleged onset date of McGinnis's disability. But the ALJ properly considered all the medical evidence in the record, including the records from Dr. Collier-Brown's treatment. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360–61 (3d Cir. 2011) (explaining that the ALJ properly considered older

5

medical records which tracked a claimant's "injury and deterioration during the time periods surrounding her disability onset date," which was amended several times).

McGinnis also argues that the ALJ was not permitted to discredit the opinions of Dr. Perlson and Dr. Abraham. But while the ALJ must "explain the weight given to physician opinions and the degree to which a claimant's testimony is credited," Chandler, 667 F.3d at 362, a physician opinion "does not bind the ALJ on the issue of functional capacity," id. at 361 (quoting Brown v. Astrue, 649 F.3d 193, 196 n.2 (3d Cir. 2011)). Here, the ALJ explained that he discredited the opinions of Dr. Perlson and Dr. Abraham because, among other things, their opinions were based on reviews of the treatment provided by Dr. Collier-Brown and subjective complaints from McGinnis. Cf. id. ("[T]reating and examining physician opinions often deserve more weight than the opinions of doctors who review records . . . ."). Ultimately, substantial evidence in the record, including Dr. Collier-Brown's medical opinions, supplemented by McGinnis's testimony about his activities, supported the ALJ's determination that McGinnis was capable of light work.

McGinnis further argues that the ALJ improperly determined that he was not credible because he was convicted of a DUI. But the ALJ did not discredit McGinnis's testimony simply because of his conviction.[2] Rather, the ALJ found that McGinnis's testimony that he did not show up for work due to his disability was inconsistent with medical records

---

[2]  In any event, we note that an ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's credibility. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Hardisty v. Astrue, 592 F.3d 1072, 1080 (9th Cir. 2010) (affirming credibility determination based in part on claimant's criminal history); Simmons v. Massanari, 264 F.3d 751, 756 (8th Cir. 2001) (same).

showing that he did not return to work because he would have had to walk his route as a result of his DUI conviction. The inconsistent testimony was a proper basis for the ALJ to determine that McGinnis was not credible. See Hartranft v. Apfel, 181 F.3d 358, 363 (3d Cir. 1999) (holding that the ALJ properly evaluated credibility where he cited specific instances where the claimant's testimony was inconsistent with the objective medical evidence in the record).

We have considered McGinnis's remaining arguments on appeal and conclude that they are without merit.[3] Accordingly, we will affirm the judgment of the District Court.

---

[3] We note that the District Judge did not err in declining to recuse himself, as McGinnis has not shown that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). And to the extent McGinnis's brief raises new claims, including claims under Title VII of the Civil Rights Act of 1964, we will not consider them in this appeal. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) ("[W]e will not consider new claims for the first time on appeal.").