NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3642
_____

DEBRA MILLER,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No. 3:19-cv-01726)
Magistrate Judge: Joseph F. Saporito, Jr.
_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 9, 2021

(Filed July 26, 2021)

Before:  SHWARTZ, KRAUSE, and RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Appellant Debra Miller appeals the District Court's order affirming the Commissioner of the Social Security Administration's denial of her claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* ("DIB"). Because we agree with the District Court that there is substantial evidence to support the Administrative Law Judge ("ALJ")'s ruling, we will affirm.

I.

Miller worked as a medical secretary until she was laid off in September 2011, due to company downsizing. Miller alleges that she first became disabled on June 13, 2013. For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the date last insured, as defined under 42 U.S.C. § 423(a)(1)(A). Because Miller's date last insured was December 31, 2016, she must show that she was disabled on or before that date.

In 2015, Miller filed for DIB based on a variety of impairments. After her claim was initially denied, Miller received an administrative hearing, but the ALJ also denied her application. The Appeals Council denied Miller's request for review, and Miller pursued judicial review. The District Court remanded her case to the Social Security Administration because the ALJ had erroneously reviewed medical records related to a different person in evaluating Miller's claim. The remand directive instructed the ALJ to further consider Miller's maximum residual functional capacity ("RFC") and Miller's alleged symptoms after removing the exhibits that pertained to a different person.

The ALJ denied Miller's application for benefits after finding that, although she was incapable of performing her past work as a medical secretary, she was capable of performing other sedentary jobs in the national economy based on her RFC, so she was not disabled. The Appeals Council denied review of the ALJ's decision, making the decision final. Miller then appealed to the District Court,[1] which found that there was substantial evidence to support the ALJ's decision. *Miller v. Saul*, No. 3:19-cv-07126, 2020 WL 6822974, at *5-9 (M.D. Pa. Nov. 20, 2020).

## II.

The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the ALJ's determination of legal issues. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). The ALJ's factual findings are "conclusive" so long as they are supported by "substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). "Substantial" in the administrative law context is "more than a mere scintilla," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154.

## III.

To determine whether a claimant is disabled, the ALJ uses a five-step process. The ALJ considers, sequentially: (1) whether the claimant is presently engaged in "substantial gainful activity"; (2) whether the claimant has a "severe medically

---

[1] The parties consented under 28 U.S.C. § 636(c) to having a Magistrate Judge conduct the proceedings and enter judgment.

3

determinable physical or mental impairment"; (3) whether the claimant's impairment(s) meets or equals the "medical severity" required under the regulations; (4) whether the claimant can do past work based on the ALJ-determined RFC; and (5) whether the claimant can "make an adjustment to other work" based on their "[RFC] and [their] age, education, and work experience." 20 C.F.R. § 404.1520(a)(4)(i)-(v). Between steps three and four, the ALJ assesses the claimant's RFC. *Id.* § 404.1520(4).

Miller argues that the ALJ's assessment of her RFC was not supported by substantial evidence. Specifically, Miller argues that the ALJ (1) erroneously disregarded medical opinion evidence, (2) improperly discounted Miller's and her husband's testimonies about her fibromyalgia and rheumatoid arthritis symptoms, and (3) failed to follow the Appeals Council's remand directive. We will address each argument in turn.

1. Consideration of Medical Opinion Evidence

Miller argues that the ALJ was required to give controlling weight to Miller's physicians' opinions, but instead relied on the ALJ's own lay opinion. Miller relies on Social Security Administration Forms that her rheumatologist, Dr. Natalie Dubchak, completed in March 2017 and October 2018, and a summary report that Miller's primary care physician, Dr. Edward Lentz, provided in December 2018. The ALJ afforded Dr. Dubchak's October 2018 opinions partial weight because Dr. Dubchak noted that Miller's described limitations began after the date last insured. The ALJ also found that Dr. Lentz considered medical evidence from after Miller's date last insured, so his summary report was not a true reflection of Miller's capabilities during the relevant period and was also entitled to partial weight. When a medical report does not address a

4

claimant's condition during the relevant period, the report has "little, if any, relevance to whether [the claimant] was disabled during that time." *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014). Here, the ALJ did not reject the treating physicians' opinions in favor of her own lay opinion, but instead gave the medical opinions partial weight based on the other medical evidence in the record and their relevance to the proper time period. The ALJ was entitled to give limited weight to Dr. Dubchak's and Dr. Lentz's opinions for this reason.

Additionally, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Brown v. Astrue¸* 649 F.3d 193, 196 n.2 (3d Cir. 2011). Therefore, as the District Court explained, Dr. Lentz's assertion that Miller was "totally disabled" is not controlling. *See Miller*, 2020 WL 6822974, at *6. Further, in assessing Miller's RFC, the ALJ credited the physicians' reports of her issues with walking, and accordingly concluded that Miller could only perform sedentary work. The ALJ then gave partial weight to Dr. Dubchak's assessment from March 2017 that Miller would need excessive breaks and additional work restrictions. The ALJ explained that partial weight was warranted given the evidence of Miller's improvement or stability with medication, largely normal findings of Miller's range of motion, strength, and sensation, rheumatology records showing no evidence of degenerative arthritis or pathology, and Miller's ability to perform daily activities. In assessing RFC, the ALJ is entitled to weigh medical opinions against other evidence in the record. *See* 20 C.F.R. § 404.1527(c), (d); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The

ALJ's decision was supported by "more than a mere scintilla" of evidence. *See Biestek*, 139 S. Ct. at 1154.

Miller also argues that the ALJ had a "duty to supplement the medical evidence of record." Appellant's Br. at 6. We agree with the District Court that Miller has not shown that there were any gaps in the medical records here which would require the ALJ to supplement the record. The ALJ "is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." *Chandler*, 667 F.3d at 362. Thus, we agree with the District Court that the ALJ's determination of Miller's RFC was supported by substantial evidence.

2. Fibromyalgia and Rheumatoid Arthritis Testimony

Next, Miller argues that the ALJ improperly discounted her and her husband's testimony about her fibromyalgia and rheumatoid arthritis, and overstated Miller's ability to perform daily activities. We agree with the District Court that the ALJ did not improperly discount the testimony, but instead considered Miller's testimony in light of contrary medical records and evidence of her daily living activities.

Miller argues that the ALJ incorrectly discounted her testimony by relying on her improvement with medication. An ALJ can reject a claimant's testimony if she does not find it credible, as long as she indicates in her decision which evidence she rejected and which she accepted, together with her reasons for doing so. *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ explained that Miller's testimony was inconsistent with documented evidence of improvement with medications, her daily

6

activities, and evidence that she only required conservative treatment measures, such as injections, chiropractic manipulation, and visits to the rheumatologist.

Miller further argues that the ALJ erroneously relied on Miller's minor household activities as evidence of her ability to perform full-time, sustained work activity. In assessing Miller's testimony, the ALJ noted that Miller could perform matters of personal care, do laundry, and babysit a one-year-old child. While we have recognized that "sporadic or transitory activity does not disprove disability" and that a claimant must not be "excluded from all forms of human and social activity," Miller's activities here are not "sporadic," but rather are appropriately indicative of how her pain affects her daily activities and ability to work. *See Smith v. Califano*, 637 F.2d 968, 971-972 (3d Cir. 1981); 20 C.F.R. § 404.1529(c)(3). We agree with the District Court that there is substantial evidence to support the ALJ's determination.

3. Remand Directive

Finally, Miller argues that the ALJ failed to follow the remand directive of the Appeals Council because the RFC from the 2019 hearing is "nearly identical" to the 2017 RFC. Appellant's Br. at 21-22. Comparison of the two RFC determinations does not demonstrate a failure of the ALJ to comply with the directive. As we have explained, the ALJ's 2019 RFC assessment was supported by substantial evidence, so the 2017 RFC is irrelevant. Miller has not offered any other basis for arguing that the ALJ failed to comply with the directive. Moreover, the ALJ complied with the Appeals Council's directives given that, on remand, the ALJ requested new evidence from Miller, held a new hearing, and issued a new decision without considering the evidence that was

7

excluded on remand. We thus conclude that Miller's argument is without merit, and agree with the District Court that there is substantial evidence to support the 2019 RFC.

## IV.

For the foregoing reasons, we will affirm the District Court's ruling.